**Affirmed and Majority and Dissenting Opinions filed June 4, 2024.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-22-00920-CV

---

## PEDRO ECHARTEA, Appellant

### V.

## JUAN D. FLORES AND MARTHA O. GONZALEZ, Appellees

---

**On Appeal from the County Court at Law No. 3 and Probate Court
Brazoria County, Texas
Trial Court Cause No. CI64037**

---

## DISSENTING OPINION

Although the majority suggests that the Dismissal Order actually disposed of all the claims, it does not. The docketing of Echartea's appeal and writ of certiorari in the same statutory-county-court cause as Echartea's appeal de novo, created confusion over what was dismissed. The writ of certiorari should have been given a separate cause number, and if there had been two separate cause numbers, then the dismissal of the application for a writ of certiorari would have been a specific signed final judgment in that separate cause. But because the two proceedings were

mixed in one cause number, the Dismissal Order is not sufficient to be a general signed final judgment.

Absent an actual disposal, the Dismissal Order contains none of the statements that the supreme court has identified as necessary to a general declaration of finality based on the face of the judgment. *Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020) ("a trial court may express its intent to render a final judgment by describing its action as (1) final, (2) a disposition of all claims and parties, and (3) appealable").

"[T]he general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment." *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (overruling *Mafrige v. Ross*, 866 S.W.2d 590 (Tex. 1993)); *see also Patel v. Nations Renovations, LLC*, 661 S.W.3d 151, 154 (Tex. 2023) (judgment deemed final (1) when the judgment actually disposes of every pending claim and party or (2) when judgment clearly and unequivocally states that it finally disposes of all claims and parties, even if it does not actually do so). The supreme court has repeatedly said that no "magic language" is required. *See, e.g.*, *Bella Palma*, 601 S.W.3d at 801.

Here, the statutory county court generally expressed finality in the Dismissal Order by stating that "this cause is dismissed with prejudice." The Dismissal Order expresses finality, but it does not (1) describe its action as a disposition of all claims and all parties or (2) reflect that the order is appealable. The supreme court has clearly held that finality is no longer governed by the inclusion of a Mother Hubbard clause[1]—which the statement "this cause is dismissed with prejudice"

---

[1] The Mother Hubbard clause is "All relief not expressly granted is denied." *North E. Indep. Sch. Dist. v. Aldridge,* 400 S.W.2d 893, 898 (Tex. 1966); *see Mafrige*, 866 S.W.2d at 590 n.1. *Lehmann* concluded that a judgment is final if it actually disposes of all parties and claims (specific disposition) or notified the parties that the court was rendering a signed, final judgment

effectively resembles. *Lehmann*, 39 S.W.3d at 203–04; *see Schneider v. Quintana Energy Services, LLC,* No. 22-00803-CV, slip op. at 3–4 (Tex. App.—Houston [14th Dist.] May 30, 2024).

This court lacks subject-matter jurisdiction to reach the merits of the appeal. That is fundamental error, and I decline to join the majority.

I respectfully dissent.


/s/    Charles A. Spain
Justice


Panel consists of Justices Jewell, Spain, and Wilson (Wilson, J., majority).

---

(general disposition). *Lehmann*, 39 S.W.3d at 192–93. The *Lehmann* court's decision to reject the Mother Hubbard clause for a general signed final judgment was a policy decision that considered how much notice was sufficient to clearly communicate that a final judgment has been signed.